# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSHUA H. CRITTENDON,

    Petitioner

v.

BRIAN WILLIAMS, et al.,

    Respondents

Case No.: 2:18-cv-02374-APG-NJK

**Order**

    Petitioner Joshua H. Crittendon has submitted a 28 U.S.C. § 2254 habeas corpus petition but has failed to pay the filing fee or file an application to proceed in forma pauperis. Accordingly, this matter has not been properly commenced. 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

    Thus, the present action will be dismissed without prejudice to the filing of a new petition in a new action with either the $5.00 filing fee or a completed application to proceed in forma pauperis on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

    Further, petitioner indicates on the face of his petition that his direct appeal is pending before the Nevada Supreme Court (ECF No. 1-1, p. 1; see also Nevada Supreme Court Case No. 75845). A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the

opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

As indicated by both the petitioner and the state court docket, petitioner is currently pursuing state-court relief, and therefore, his petition is unexhausted. It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a new action filed in a timely manner after petitioner has exhausted all available state remedies. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a new petition in a new action with a properly completed application form to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed in forma pauperis for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

Dated: January 14, 2019

_____
U.S. District Judge Andrew P. Gordon